IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No.: 1:24-CV-307-MR-WCM

| | |
|---|---|
| ASHEVILLE BLADE, LLC, MELISSA COIT, and MATILDA BLISS; | |
| Plaintiffs, | |
| v. | DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT |
| CITY OF ASHEVILLE, et al., | |
| Defendants. | |

**NOW COME** Defendants City of Asheville, Michael Yelton, Michael McClanahan, Melissa Lackey, Jonathan McCain, Amy Stapanowich, Matt Stapanowich, Ian Cooper, John Ziegler, and Samuel DeGrave, by and through counsel, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and move to dismiss the Plaintiffs' Amended Complaint. In support of the instant Motion, Defendants rely on the Memorandum of Law filed contemporaneous herewith, and upon the following:

1. This action was initiated by the Plaintiffs' filing of a Complaint on December 23, 2024. [Doc. 1].

2. At the time the Complaint was filed, the state court criminal convictions of Plaintiffs Bliss and Coit remained pending before the North Carolina Court of Appeals. [Doc. 5]. On that basis the Parties requested, and the Court ordered, that this matter be stayed until the pending state court criminal appeals were resolved. [Doc. 8].

3. On June 4, 2025, the North Carolina Court of Appeals issued a decision unanimously finding no error in the trespassing convictions of Plaintiffs Bliss and Coit. [Doc. 10].

1

4. Following the affirmation of the criminal convictions, Plaintiffs sought [Doc. 12] and received leave to amend their Complaint. Plaintiffs' Amended Complaint was filed with the Court on September 30, 2025. [Doc. 14].

5. The Amended Complaint sets forth claims pursuant to 42 U.S.C. 1983 and Article I, Section 14 of the North Carolina Constitution asserting that the Defendants retaliated against the Plaintiffs based on their speech and newsgathering activities, claims pursuant to 42 U.S.C. 1983 and Article I, Section 20 of the North Carolina Constitution asserting that the Defendants wrongfully seized Ms. Bliss' phone, and pursuant to the Privacy Protection Act of 1980. [Doc. 14].

6. Plaintiffs fail to state a claim for retaliatory arrest pursuant to either the First Amendment or Article I, Section 14 of the North Carolina Constitution insofar as:

   a. Such claims are barred by the doctrine of collateral estoppel, given the holdings of the North Carolina Court of Appeals in Plaintiffs Bliss and Coit's state criminal matter, rendering dismissal proper pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure;

   b. Such claims are barred by the rule stated in Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994), given the fact of Plaintiffs Bliss and Coit's criminal convictions, rendering dismissal proper pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure;

   c. Plaintiff the Asheville Blade, LLC lacks standing to advance a First Amendment claim based on its employees' arrests, rendering dismissal proper pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure;

d. Plaintiffs' speech rights were not implicated by Plaintiffs' Bliss and Coit's arrest under a content-neutral regulation on park closing hours;

   e. Such claims, as asserted against Defendants in their individual capacities, are barred by the doctrines of Qualified Immunity and Public Official Immunity, rendering dismissal proper pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and

   f. Such claims are barred as to Defendant City of Asheville, as Plaintiffs have failed to allege their putative constitutional injuries were caused by the City's failure to train its law enforcement officers, rendering dismissal proper pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

7. Plaintiff Bliss fails to state a claim for wrongful seizure pursuant to either the Fourth Amendment or Article I, Section 20 of the North Carolina Constitution insofar as:

   a. Plaintiff Bliss' cell-phone was lawfully seized incident to arrest, searched pursuant to a validly issued search warrant, and returned within a reasonable length of time, rendering dismissal proper pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and

   b. Such claims, as asserted against Defendants in their individual capacities, are barred by the doctrines of Qualified Immunity and Public Official Immunity, rendering dismissal proper pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

8. Plaintiffs Bliss and the Asheville Blade, LLC have failed to state claims pursuant to the Privacy Protection Act of 1980, 42 USC § 2000aa *et seq.*, insofar as such claims are barred by the suspect exception to the Act.

**WHEREFORE** the Defendants respectfully request that the Court dismiss the Plaintiffs Amended Complaint, and all claims set forth therein, in its entirety.

Respectfully submitted this the 17th day of October, 2025.

s/ Eric P. Edgerton
Eric P. Edgerton
N.C. Bar No. 47717
P.O. Box 7148
Asheville, NC 28802
Tele: (828) 259-5473
eedgerton@ashevillenc.gov

s/ Carly K. Gillingham
Carly K. Gillingham
Assistant City Attorney
NC State Bar No. 60588
P.O. Box 7148
Asheville, North Carolina 28802
cgillingham@ashevillenc.gov
(828) 259-5610

*Attorneys for Defendants*

### CERTIFICATION RE: ARTIFICIAL INTELLIGENCE

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw and Lexis. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 17th day of October, 2025,

s/ Eric P. Edgerton
Eric P. Edgerton

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Motion to Dismiss has been duly served by electronically filing via the Electronic Filing System to all counsel of record.

This the 17th day of October, 2025,

s/ Eric P. Edgerton
Eric P. Edgerton
