**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF**
**NORTH CAROLINA**

<table>
<tr>
<td>
ASHEVILLE BLADE, LLC; MELISSA COIT; and MATILDA BLISS;<br><br>
Plaintiffs,<br><br>
v.<br><br>
CITY OF ASHEVILLE; MICHAEL YELTON, in his individual capacity; MICHAEL MCCLANAHAN, in his individual capacity; MELISSA LACKEY, in her individual capacity; JOHNATHAN MCCAIN, in his individual capacity; AMY STAPANOWICH, in her individual capacity; MATT STAPANOWICH, in his individual capacity; IAN COOPER, in his individual capacity; JOHN ZIEGLER, in his individual capacity; and SAMUEL DEGRAVE, in his individual capacity;<br><br>
Defendants.
</td>
<td>
Case No. 1:24-cv-00307 MR-WCM<br><br>
<u>PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S MEMORANDUM OPINION AND RECOMMENDATION</u>
</td>
</tr>
</table>

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 72(b), Plaintiffs Matilda Bliss, Melissa "Vee" Coit, and the *Asheville Blade* ("*The Blade*") respectfully submit the below objection to Magistrate Judge Metcalf's Memorandum Opinion and Recommendation ("M&R") (Doc. 25). Plaintiffs object only to the portion of the M&R recommending that Plaintiffs' claim under Article I, Section 14 of the North Carolina Constitution be dismissed.

## OBJECTION

The Magistrate erroneously recommended dismissal of Plaintiffs' claim under Article I, Section 14 of the North Carolina Constitution on *Monell* grounds, even though that doctrine does not apply to claims brought directly under the North Carolina Constitution. As the Magistrate found, Plaintiffs plausibly alleged a First Amendment retaliation claim against the individual officers; therefore, Plaintiffs have necessarily also alleged a parallel state constitutional claim against the City of Asheville based on the same facts.

## STANDARD OF REVIEW

A district judge reviews objected-to portions of a recommendation on a dispositive motion *de novo*, and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

In reviewing a motion to dismiss under Rule 12(b)(6), the court "must accept as true all of the factual allegations contained in the complaint" and "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).

**LAW AND ARGUMENT**

Plaintiffs respectfully object to the recommended dismissal of the Third Claim asserted in their Amended Complaint, in which they allege that Defendant City of Asheville ("the City") retaliated against them in violation of Article I, Section 14 of the North Carolina Constitution, which protects the press and right to free speech. The Magistrate erred in applying the municipal liability doctrine articulated in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) to recommend dismissal of the Third Claim because *Monell* does not apply to claims brought directly under the North Carolina Constitution against the City for actions taken by its officers in their official capacity.

The North Carolina Supreme Court has "recognized a direct action under the State Constitution against state officials for violation of rights guaranteed by the Declaration of Rights." *Corum v. Univ. of N. Carolina Through Bd. of Governors*, 330 N.C. 761, 783 (1992). These claims are commonly called "*Corum* claims" and can only be asserted against Defendants in their official capacities or against the

government entity that employs them. *See id.* at 787–88 (no direct cause of action against officers in their *individual* capacities).

Plaintiffs brought a retaliatory arrest claim under 42 U.S.C. § 1983 against the City and several Asheville Police Department officers (in their individual capacities) for violating Plaintiffs' First Amendment rights ("First Claim"). Plaintiffs also brought a retaliatory arrest claim under Article I, Section 14 of the North Carolina Constitution against the City ("Third Claim"). *Corum* claims may be asserted interchangeably against the City or City officials in their official capacity—either way, the claim is deemed asserted against the government entity and not the officers in their individual capacities. *See Love-Lane v. Martin*, 355 F.3d 766, 789 (4th Cir. 2004); *DeWitt v. Mecklenburg Cnty.*, 73 F. Supp. 2d 589, 605 (W.D.N.C. 1999) (any liability on *Corum* claim "would be against the County or [county official] in his official capacity.").

In the Amended Complaint, the Third Claim cross-references the First Claim, Doc. 14 ¶ 178, which includes allegations about the City's policy and custom *and* the conduct of the officers. *See id.* ¶¶ 149–160, 162–164. The Magistrate recommended dismissal of the First Amendment claim against the City under the *Monell* doctrine[1] but correctly found that the First Amendment claim against the

[1] The M&R recommended dismissal of Plaintiffs' First Amendment claim against the City because, applying *Monell*, Plaintiffs did not allege facts sufficient to "support an inference that there was an obvious need for training with respect to the

officers in their individual capacities should proceed. Doc. 25, at 13–16. The same allegations the Magistrate deemed sufficient to state a First Amendment claim based on the individual officers' conduct are also sufficient to sustain a *Corum* claim under Article I, Section 14 against the officers in their official capacities (or, in other words, against the City itself for actions taken by City officers). Doc. 14 ¶¶ 149–160, 177.

To be clear, Plaintiffs do not object to the dismissal of the First Amendment *Monell* claim against the City. However, the Magistrate also recommended dismissal of Plaintiffs' claim under Article I, Section 14 of the North Carolina Constitution, without any separate analysis. Thus, it appears that the *Corum* claim brought directly under Article I, Section 14 was dismissed solely on *Monell* grounds. This was a misapplication of the law; the *Monell* doctrine arises from the text of 42 U.S.C. § 1983 and the North Carolina Supreme Court has not placed *Monell*-like limits on state constitutional claims against government entities.

While *Corum* claims are brought against the City or officers in their official capacities, those claims are not limited by the *Monell* doctrine. *See Washington v. Cline*, 385 N.C. 824, 832 (2024) (explaining that *Corum* claims "are creatures of state law, and their analysis should begin with our state law doctrine" and declining

---

potential mistreatment of journalists by the APD." Doc. 25, at 22. Additionally, the Magistrate found that Plaintiffs did not sufficiently allege that ratification of unlawful conduct by an official policymaker caused a separate injury. *Id.* at 23.

to import the federal *Bivens* doctrine). *Monell* is a federal doctrine that applies exclusively to federal claims brought under 42 U.S.C. § 1983. *See Monell*, 436 U.S. at 691–92 (explaining that the "shall subject, or cause to be subjected" language of § 1983 "plainly imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights[.]"); *see also Washington v. Hous. Auth. of the City of Columbia,* 58 F.4th 170, 182 (4th Cir. 2023) (describing plaintiff's burden under *Monell* to "show that the municipality's policies were the moving force behind a deprivation of *federal* rights.") (cleaned up) (emphasis added).

*Monell*'s scope is explicitly tied to the language in 42 U.S.C. § 1983 and the legislative history of the Civil Rights Act of 1871. *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997) (explaining that the conclusion in *Monell* "rested partly on the language of § 1983 itself" and partly "upon the statute's legislative history"). Thus, courts have declined to extend *Monell* to state law claims. *See, e.g., Peyton v. Winnebago Cnty.*, No. 99 C 50257, 2002 WL 1750767, at *1 (N.D. Ill. July 26, 2002) ("The partial shield from liability that *Monell* provides to municipalities applies only to § 1983 actions, not state law claims."). Accordingly, *Monell* does not apply to Plaintiffs' Article 1, Section 14 *Corum* claim alleging retaliatory arrest.

Plaintiffs acknowledge that both parties represented in briefing and at the hearing that the same standard governs the federal and state claims. Doc. 25, at 10. However, that representation was meant to convey that the substantive elements required to establish a retaliation claim are the same under the federal and state constitutions. *See* Doc. 17, at 4 ("To state a First Amendment or Section 14 retaliation claim, plaintiffs must allege that (1) they engaged in protected activity, (2) the defendant took some action that adversely affected the plaintiffs' First Amendment (or Section 14) rights, and (3) there was a causal relationship between plaintiffs' protected activity and defendant's conduct."). Plaintiffs seek to clarify that while the elements of a retaliation claim are the same under the federal and state constitutions, the *Monell* doctrine cannot be imported into a *Corum* claim that is based, at least in part, on the conduct of officers acting in their official capacities.

A *Corum* claim is available to a plaintiff who shows that (1) her state constitutional rights have been violated, and (2) she lacks an adequate state remedy.[2] *Corum*, 330 N.C. at 784. *Corum* claims are brought directly under the North Carolina Constitution; no statute is needed to vindicate state constitutional rights in North

[2] Plaintiffs have sufficiently alleged a *Corum* claim. The City, through the official actions of its officers, violated Plaintiffs' rights under Article I, Section 14 of the North Carolina Constitution by arresting them in retaliation for their newsgathering, and there is no alternate adequate state remedy. Doc. 14 ¶¶ 149–160, 177.

Carolina. By contrast, *Monell* is a federal doctrine that grew out of precise language found in 42 U.S.C. § 1983 that has no parallel in state law.

The statutory language and legislative history that gave rise to *Monell* in the § 1983 context do not apply to *Corum* claims. The Magistrate correctly found that Plaintiffs adequately pled in their First Claim that the individual officers arrested Plaintiffs in a retaliatory fashion in violation of the First Amendment. Doc. 25, at 16. As such, the allegations in the First Claim about the conduct of the individual officers, Doc. 14 ¶¶ 149–160, sustain a parallel state constitutional claim against the City (*i.e.*, the officers in their official capacities) despite the recommended dismissal of the *Monell* claim.[3] Because the failure to satisfy *Monell* was the only ground upon which Plaintiffs' Article I, Section 14 claim was dismissed, this Court should overrule that portion of the Magistrate's recommendation and allow the Third Claim of the Amended Complaint to proceed.

**CONCLUSION**

For the reasons stated above, Plaintiffs respectfully ask this Court to overrule the Magistrate's M&R in part and deny Defendants' Motion to Dismiss the Third

[3] The Magistrate correctly found that Plaintiffs' claim under Article I, Section 20 should be allowed to proceed. Plaintiffs respectfully note that this determination underscores that satisfying *Monell* is not required to sufficiently plead a *Corum* claim. *See* Doc. 25, at 32 (finding Plaintiffs' allegations sufficient to sustain a claim under Article I, Section 20 without any analysis of *Monell*).

Claim asserted in the Amended Complaint. As for the remainder of the M&R, Plaintiffs respectfully ask this Court to affirm the Magistrate's recommendations.

Dated: September 11, 2026

Respectfully Submitted,

*/s/ Corina Scott*


Corina Scott (Bar No. 64573)
Kristi Graunke (Bar No. 51216)
**ACLU of North Carolina Legal Foundation**
P.O. Box 28004
Raleigh, NC 27611
T: (919) 627-3309
E: cscott@acluofnc.org
E: kgraunke@acluofnc.org

C. Amanda Martin (Bar No. 21186)
Sarah Ludington (Bar No. 19997)
**First Amendment Clinic**
**Duke Law School**
210 Science Drive
Durham, NC 27708
T: (919) 613-7048
F: (919) 613-7262
E: amartin@law.duke.edu
E: ludington@law.duke.edu

Ben C. Scales, Jr.
NC Bar No. 34873
P.O. Box 7382
Asheville, NC 28802
863-529-8312
ben_scales@yahoo.com


*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 11, 2026, the foregoing *Plaintiffs' Objection to Magistrate Judge's Memorandum Opinion and Recommendation* was filed electronically with the Clerk of the United States District Court for the Western District of North Carolina using the CM/ECF system which will send notification of this filing and an electronic copy of the same to all counsel of record registered with the CM/ECF system.

This the 11th day of September 2026.

*/s/ Corina Scott*
Corina Scott (Bar No. 64573)
**ACLU of North Carolina Legal Foundation**
*Attorney for Plaintiffs*
T: (919) 627-3309